No. 66.—Lewis Bullard, plaintiff in error, *vs.* The Central Bank of Georgia, defendant in error.

A certificate, setting forth that the holder had, on deposit in the Monroe Railroad and Banking Company, $300 of its notes, which would be paid to his order thereon, with 8 per cent. interest per annum, is not of equal dignity or priority, under the charter, with the bills of the bank, in the claim of money raised by the sale of the railroad.

Such certificate furnishes evidence of a new contract, by which the holder surrendered his bills to the bank, in consideration of the undertaking on its part to pay him their amount with 8 per cent. interest per annum.   The bills thus surrendered, and for which the certificate was taken, may have been re-issued by the bank, and in other hands may constitute a separate claim upon the fund raised from the sale of the road.

The railroad, and all the property and equipments therewith connected, belonging to the Monroe Railroad and Banking Company, was sold by certain commissioners under a decree in equity, rendered in the Superior Court in the county of Bibb; and the sum of $160,525 33, the aggregate amount of said sale was brought into the court below. At May Term, 1846, of said court, Judge Floyd presiding, on motion of Kenan and Rockwell of counsel, representing the claims of the Central Bank of Georgia, holding bills or notes issued by said Monroe Railroad and Banking Company, the court below proceeded to hear argument on the question, whether said bills or notes were of the highest dignity, and took lien prior to all other claims on said fund so brought into court. Amongst those claiming the money, there was a class of claims founded on certificates of deposit, of which the following is an example, viz.:

" Monroe Railroad and Banking Company, ⎱
MACON, *January* 27, 1842. ⎰

" $300.

" This certifies that Lewis Bullard, Esq., has on deposit three hundred dollars of the notes of this Institution, which will be paid to his order hereon, with eight per cent. interest per annum.

J. W. PHILIPS, Teller.

Rutherford of counsel in the court below, representing holders of such certificates, opposed the said motion, and urged, in objection, that the bills or notes had not in law the priority claimed over said certificate, and contended that the said certificates stood upon the same footing, and were of the same and equal dignity with the said bills or notes. The court below ruled, that such certificates were *not of equal dignity and priority* with said bills or notes, and in the judgment of the court below, distributing said money, classed said certificates several grades below the position of bills or notes. To which the counsel for the plaintiff in error excepted on the grounds, that the said certificates of deposit showed that the holders had deposited in said bank its notes or bills, and that they could have claimed payment only in the bills of said bank; that said certificates were evidence that the bills or notes therein mentioned had never been " redeemed," i. e., they had not been taken up in specie, or in anything which was accepted by the holder as equivalent.

JOHN RUTHERFORD, for the plaintiff in error.

A. H. CHAPPELL, for the defendant in error.

*By the Court*—WARNER, Judge.

The only question made in this case is, whether the plaintiff in error, who deposited bills of the Monroe Railroad and Banking Company in said bank, under a contract therewith, that he was to be paid eight per cent. interest per annum therefor, stands on the same footing as a bill-holder, under the decision of this court made during the present term. The court below decided, the plaintiff in error did not stand on the same footing, claiming under his certificate as a depositor, as an original bill-holder, and we are of opinion the judgment of the court below was correct. The ninth section of the act incorporating the company

provides, that if the corporation shall refuse payment of *its bills* in gold and silver coin, the *holders of such bills*, on demand made, shall be entitled to receive interest, at the rate of ten per cent. per annum in addition to the ordinary legal interest. The plaintiff in error is not the *holder of the bills of the bank;* he gave up to the bank his bills, and made a *new contract*, of which his certificate furnishes the evidence, whereby he was to receive interest, at the rate of *eight per cent.* per annum.

The eleventh section of the charter gives, to *bill-holders only*, a lien upon the road and equipments. For aught that appears to the contrary, the identical bills deposited by the plaintiff in error have been re-issued by the bank, and now in the hands of some claimant, for a portion of the fund now in court. We cannot consider this a *special deposit* of the identical bills; but, on the contrary, are of the opinion, the bank was at liberty to use them; certainly, the plaintiff in error, by his own voluntary act, parted with them. Doubtless he thought, at the time, he was making the best arrangement for his own interest, by surrendering the bills to the bank to be used by its officers, and taking a certificate of deposit drawing interest; and must now abide the result of his contract made with the Bank: we cannot consider him as a *bill-holder*, within the intent and meaning of the eleventh section of the charter.

Let the judgment of the court below be affirmed.